490 So.2d 1117 (1986)
GUARANTY ENERGY CORPORATION
v.
Gerald CARR.
Nos. 86-CA-27, 86-CA-28.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
*1118 Christopher M. Schmitt, New Orleans, for plaintiff-appellant.
David E. Cooley, Jr., Slidell, for defendant-appellee.
Before GAUDIN, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit to annul a default judgment. On January 28, 1985 a default judgment was rendered against Gerald Carr (Carr) in the action entitled "Guaranty Energy Corporation v. Gerald Carr." On May 3, 1985 Carr instituted a suit to annul. Both cases were consolidated for trial. The trial judge granted judgment in favor of Guaranty Energy Corporation, denying the annulment of the prior decree. Carr now appeals. We reverse.
In the original proceeding, entitled, "Guaranty Energy Corporation v. Gerald Carr," service could not be effected on Carr by the Sheriff. Therefore, William Poynot, a special process server was appointed by the court on December 3, 1984 to execute service. On January 28, 1985 the default judgment was confirmed. William Poynot did not testify at the hearing regarding his return; however, his unsworn return indicating personal service was filed into the record. Although the return is signed, it is incomplete with regard to the particular papers which were served on Carr. Moreover, in the proceeding seeking to annul the prior judgment, William Poynot's brother, Emmett Poynot, testified that he was the individual who served Carr while his brother was present as a witness.
Appellant assigns the following errors:
1. That the trial court erred in denying the petition to annul and in finding that service of process was proper;
2. That the trial court erred in finding that service of process was sufficiently proved by Guaranty and/or in failing to find that proof of service was insufficient;
3. That the trial court erred in finding that Guaranty met the requirement for proving Carr's domicile and the jurisdiction of the court and/or failing to find that domicile and jurisdiction were insufficiently proved, and
4. That the trial court erred in failing to find that the default judgment was obtained through "fraud and ill practice."
Appellant's assignments of error numbers one (1) and two (2) are related. The central issue underlying both is the assertion that the method and the proof of service of process on Carr in the default hearing was invalid or insufficient. L.S.A.-C. C.P. Article 1201 clearly states that "[c]itation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null." It is uncontested that the suit by Guaranty Energy Corporation regarding a contract dispute against Carr was an ordinary proceeding requiring citation and service. The dispute, however, *1119 centers around whether or not Carr was personally served by the proper party.
L.S.A.-C.C.P Article 1232 provides that "[p]ersonal service is made when a proper officer tenders the citation or other process to the person to be served." [Emphasis supplied]. A "proper officer" as provided in L.S.A.-C.C.P. Art. 1291 is the Sheriff or as provided for in L.S.A.-C.C.P. Art. 1293, someone appointed by the court:
"[w]hen the sheriff has not made service within five days after receipt of the process or when a return has been made certifying that the sheriff has been unable to make service, on motion of a party the court may appoint any person not a party over the age of majority, and residing within the state, to make service of process in the same manner as is required of sheriffs. Service of process made in this manner must be proved like any other fact in the case."
Although an attempt had been made by the Sheriff to serve Mr. Carr, the Sheriff's return dated October 12, 1984 indicates that he was unable to be served. Consequently, counsel for Guaranty Energy Corporation filed a motion on November 30, 1984 to have a special process server appointed. On December 3, 1984 William Poynot was appointed to make service of process on Carr.
William Poynot's unsworn signed return stated as follows:

As indicated above, the return does not indicate what papers were actually served on Carr.
On January 10, 1984 a preliminary default was granted since no answer had been filed by Carr. The default was confirmed on January 28, 1985. At the confirmation hearing, counsel for Guaranty Energy Corporation introduced the return of service without presenting any testimony from William Poynot.
L.S.A.-C.C.P. Article 2002(2) provides that:
"[a] final judgment shall be annulled if it is rendered:
(2) against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken ...
Importantly, while a sheriff's return carries with it a presumption of validity with the burden resting upon the party attacking it to establish by clear and convincing evidence that it is invalid, Canterberry v. Slade Brothers, et al, 232 La. 1081, 96 So.2d 4 (1957); League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4th Cir.1976), the law with respect to service by someone who is appointed by the court requires that it be proved like any other fact in the proceeding. L.S.A.-C.C.P. Art. 1293.
Therefore, although the return was introduced into evidence in the default proceeding, it, unlike a sheriff's return did not carry a presumption of validity. Moreover, it was incomplete in that it did not indicate what papers, if any, had been served upon Carr. Although the court could have allowed testimony by the process server to amend his return, Pertuit v. LeBlanc, et al, 216 So.2d 863 (La.App. 2nd Cir.1968), counsel did not produce the process server at the confirmation hearing.
*1120 Counsel for Guaranty Energy Corporation, however, did produce the process server at the trial of the suit to annul. Emmett Poynot testified that he served a citation, petition and several papers on Carr. However, Emmett Poynot was not appointed by the court as a process server; his brother, William Poynot was appointed. Emmett Poynot related that his brother was present in the capacity of a witness when he personally served Carr. He admitted that he had not received an appointment from the court as process server.
"... it is fundamental that no valid judgment can be rendered in any case unless the defendant has been informed of the suit against him by citation in strict compliance with the law. L.S.A.-C.C.P. art. 2002; Richardson v. Trustees' Loan & Guaranty Co., 15 La.App. 645, 132 So. 387 (1931). Knowledge of the existence of an action on the part of the defendant, no matter how clearly brought home to him, cannot supply the want of a citation [citations omitted]." Nationwide Acceptance Company v. Alexis, 201 So.2d 21, 23, (La.App. 4th Cir.1967).
In the instant case, the court appointed process server tendered the papers to another who in turn served the defendant. Similarity, in Nationwide, supra, the defendant received notice of service by way of discovering the suit papers on top of a television set. The Sheriff's return showed that the citation and petition were placed in the hands of one of the defendant's children. At trial in the suit to annul, the evidence adduced showed that the child was 5½ years old at the time. In interpreting L.S.A.-C.C.P. Article 1234 (pre-1985) on domiciliary service which requires that service be effected with a person of suitable age and discretion, the Fourth Circuit found that service on a 5½-year-old child was improper, thus forming the basis for annulling the default judgment.
In the instant case, the trial court reasoned that since the special process server was present at the time papers were given to Carr, the service of the documents was valid service. The court below believed that since the process server saw and observed the proceedings and made the return thereof that this was sufficient for service. The trial judge, however, was confronted with a difficult legal issue which is res nova in Louisiana. The ultimate question is whether a court appointed process server can delegate his authority to another while he remains present during the act of tendering the citation and petition. We conclude that a special process server may not delegate his authority in this fashion.
There is no statutory or codal provision for the delegation of such authority. In addition, we analogize this case to be somewhat similar to the one in Adams v. Citizens' Bank, 17 La.App. 422, 136 So. 107 (2nd Cir.1931) in which the court held that legal service could not be valid when effected by a sheriff outside the confines of his parish and any judgment founded on such service should be annulled. L.S.A.-C.C.P. Article 1293 (pre-1984).
Moreover, service by a "deputy marshall [sic]" who was not authorized to effect service was viewed in dicta by our brothers of the First Circuit as subject to attack in a suit to annul. Tucker v. Howes, 413 So.2d 585, 587 (La.App. 1st Cir.1982); L.S.A.-R.S. 13:3471(5).
Under the trial court's finding of fact, we hold as a matter of law the service to be invalid and the default judgment to be absolutely null. It is unnecessary, therefore, to discuss assignment of errors three (3) and four (4).
Accordingly, for the reasons set forth, the judgment of the trial court in the nullity action entitled "Gerald Carr v. Guaranty Energy Corporation," No. 310-622, is reversed and judgment is now entered declaring the nullity of the default judgment rendered on January 28, 1985. This case is remanded to the district court for further proceedings in "Guaranty Energy Corporation v. Gerald Carr," No. 300-860, in accordance with law and the views expressed herein. All costs of this appeal are assessed against Guaranty Energy Corporation. *1121 Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.