538 So.2d 714 (1989)
James McMILLAN, et al.,
v.
Walton B. NOBLE.
No. 88-CA-0859.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1989.
Rehearing Denied March 15, 1989.
Writ Denied May 19, 1989.
*715 John C. Derenbecker, New Orleans, for Walton B. Noble.
Thomas J. Lutkewitte, J. Paul Demarest, Edward J. Rivera, Favret, Favret, Demarest & Russo, New Orleans, for James McMillan and Marie McMillan.
Before SCHOTT, WARD and PLOTKIN, JJ.
WARD, Judge.
James B. and Marie McMillan sued Walton B. Noble for $538,000.00 in the Eighth Judicial District Court of Nevada. Noble was personally served in New Orleans with the summons and complaint pursuant to the Nevada Long Arm Statute, N.R.S. 14.065(1), (2). After the legal delay for answer passed, the Nevada Court entered a preliminary default against Noble, but before confirmation of that judgment, Noble, through his attorney, Charles Swanson, answered the McMillan suit and counter-claimed. The defendant, Walton B. Noble, and his attorney Charles Swanson are members in good standing of the Louisiana Bar, but there is nothing in the record to show that either is a member of the Nevada Bar.
On May 2, 1986, the McMillans' Nevada counsel mailed a notice of deposition to Swanson in New Orleans seeking to depose Noble in Las Vegas on May 15, 1986. Swanson notified the McMillans' counsel that Noble would not appear. Five days later pursuant to Nevada Rule of Civil Procedure 37, the McMillans filed a motion for sanctions for failure to comply with discovery, asking to have Noble's answer stricken, and requesting a default judgment against him. The "Notice of Motion" and "Motion For Sanctions For Failure to Comply With Discovery", were mailed to both Swanson and Noble at the address both Swanson and Noble listed as their mailing address in the counter claim. The Motion for Sanctions explicitly informed Swanson and Noble that the requested sanctions were the striking of Noble's answer and counter-claim, and the rendering of a default judgment against him. Neither Swanson nor Noble appeared to oppose the motion, and a default judgment in the amount of $538,000.00 was entered against Noble on July 8, 1986.
The McMillans filed a petition in the Civil District Court for the Parish of Orleans to make the Nevada judgment executory in Louisiana in accordance with La.R.S. 13:4241, et seq., and the Civil District Court entered a judgment against Noble. Shortly thereafter Noble filed his petition to set aside and vacate the order making the judgment executory, which the District Court denied. Noble appeals the judgment of the District Court making the Nevada judgment executory. We affirm.
Noble contested both subject matter and personal jurisdiction in the Civil District Court however, he has failed to brief the subject matter jurisdiction issue on appeal; therefore, pursuant to Rule 2-12.4 of the Uniform RulesCourts of Appeal, this issue is considered abandoned.
*716 Noble complains the Nevada judgment is null and void because the Court lacked personal jurisdiction when it rendered the default judgment against him. He argues that insufficient notice of the motion and rule for sanctions vitiated the Court's jurisdiction. Moreover, he contends that as the judgment is a nullity it should be denied "full faith and credit" by Louisiana courts.
Under the U.S. Constitution, Article 4, Section 1, a court in Louisiana must give full faith and credit within this state to a judgment of a Court in a sister state unless the court in the foreign forum lacked jurisdiction. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940), rehearing denied 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941); Swain v. Swain, 339 So.2d 453 (La.App. 1st Cir.1976). This rule is so well established that in a suit for the recognition of a foreign judgment, the only issue in the foreign proceeding which a Louisiana court may review is the question of the foreign court's jurisdiction over the parties. Rice v. Kliebert, 330 So.2d 374 (La.App. 4th Cir.1976). The relevant law to determine whether the foreign court had jurisdiction is the law of the forum state rendering the original judgment. Fountain v. Fountain, 365 So.2d 1139 (La.App. 3rd Cir.1978).
The Nevada Supreme Court has held "that when a defendant seeks relief additional to that necessary to protect himself from service of process, he enters a general appearance." Davis v. Eighth Judicial District Court of the State of Nevada, 629 P.2d 1209, 1213 (1981), cert. denied, 454 U.S. 1055, 102 S.Ct. 601, 70 L.Ed.2d 591 (1981). In that case the Nevada Supreme Court approved the holding of the Supreme Court of California, which is particularly appropriate to this case. "Where the defendant appears, and asks some relief which can only be granted on the hypothesis that the Court has jurisdiction of the cause and person, it is a submission to the jurisdiction of the Court." Goodwine v. Superior Court of Los Angeles, 63 Cal.2d 481, 47 Cal.Rptr. 201, 203, 407 P.2d 1, 3 (1965). Applying the rule of Davis, supra, when Noble counter-claimed for damages allegedly caused by the McMillans' breach of contract, he asked for relief which can be granted only by a Court of competent jurisdiction and as a consequence submitted to the jurisdiction of the Nevada court.
Additionally, the Nevada Rules of Civil Procedure are applicable. Rule 12(b) and (h)(1) provide that the defense of lack of personal jurisdiction is waived if not asserted by motion before filing responsive pleadings. Noble did not assert a jurisdictional defense by motion before filing an answer and counter claim. As a consequence, Noble waived any defense of lack of personal jurisdiction by failing to raise the objection in a procedurally proper manner.
Notwithstanding his failure to object to personal jurisdiction prior to filing responsive pleadings, Noble objects to the Nevada Court's jurisdiction because he was not personally served with notice of the motion and rule for sanctions. Although N.R.C.P. 5 permits service by mail upon counsel for a party of any pleadings or discovery related requests filed subsequent to the original complaint, Rule 5 also requires personal service on a party of any pleading subsequent to the original complaint which asserts "new or additional claims for relief" and Noble claims the Motion for Sanctions and request for default judgment sought claims for relief in excess of the original complaint. Noble's reliance on the requirement of personal service is misplaced. The motion and rule for sanctions sought a judgment based on the original complaint. A simple reading of the original complaint compared with the request for default judgment shows it did not assert "new or additional claims for relief", therefore personal service was not required.
Once a Court obtains jurisdiction either through submission by a party or waiver of the defense that Court is not divested of jurisdiction until disposition, and it is questionable whether Noble has raised a jurisdictional issue by this argument. The proper forum to decide procedural questions of notice and applicable sanctions for failure to comply under Nevada law is the Nevada Court.
*717 Because there is the general presumption that a judgment of a sister state is valid, the burden of undermining such a judgment rests heavily upon the party attacking the judgment to show by clear and positive proof that the rendering court lacked jurisdiction. American Standard Leasing v. Plant Specialties, Inc., 427 So.2d 555 (La.App. 3rd Cir.1983). Noble has not carried his burden of proof; his challenge to the Nevada Court's personal jurisdiction is without merit. The Orleans Parish District Court was correct in ruling the Nevada judgment valid, entitling it to full faith and credit.
Noble also contends denial of due process of law because he was not personally served with the notice of the hearing on the Motion for Sanctions. Although Noble relies upon Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75, (1988) to support his argument, the record reveals that notice of the hearing was mailed to both Noble and Swanson at the address listed on Noble's answer. The notice very clearly informed Noble of the possibilty of sanctions, more particularly, the striking of his answer and entry of default judgment. Because Noble submitted to Nevada jurisdiction by filing an answer and considering N.R.C.P. 5 permitting service by mail, Noble was duly notified of the consequences of his failure to appear. Nevada procedural and substantive law unquestionably afforded Noble due process.
Finally, Noble contends that Louisiana's statutes under the Uniform Enforcement of Foreign Judgments Act R.S. 13:4241 et seq are unconstitutional, and as a result his federal constitutional due process and equal protection rights will be violated by enforcement of the Nevada judgment. We find no basis for this allegation. The Trial Court judgment is affirmed. All costs of this appeal are assessed to Noble.
AFFIRMED.