599 So.2d 427 (1992)
Isadore David BRICKMAN
v.
SCREVEN COUNTY HOSPITAL AUTHORITY, trading as Screven County Hospital.
No. 92-C-0810.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
Kathleen A. Manning, McGlinchey, Stafford, Cellini & Lang, New Orleans, for respondent.
Archie C. Tatford, Jr., New Orleans, for relator.
Before BARRY, LOBRANO and LANDRIEU, JJ.
LOBRANO, Judge.
We granted certiorari in this case to review the trial court's denial of Dr. Isadore Brickman's attempt to stay a Georgia judgment rendered against him.
On or about March 22, 1991 Screven County Hospital Authority (Screven) obtained a default judgment against Brickman in a Georgia District Court. Brickman is a Louisiana resident. In order to obtain service of the Georgia pleadings on Brickman, Screven had Keith Casey, president of AAA Detective Agency, appointed as a special process server. However, service of *428 the Georgia suit was actually made by Casey's employee, Keith LoBrono. Brickman now seeks a stay of the attempted execution of the Georgia judgment in Louisiana's Courts. Brickman argues that the Georgia judgment was rendered without valid service of process, hence the Court lacked personal jurisdiction. We agree.
Screven seeks enforcement of its Georgia judgment pursuant to La.R.S. 13:4242. That statute provides, in part:
"[A] foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner."
The essence of the above statute is Louisiana's recognition of its obligation under Article 4, Section 1 of the U.S. Constitution to give full faith and credit to a judgment of its sister state. The well settled exception to this Constitutional obligation, however, is where the foreign forum lacked jurisdiction to render the judgment. McMillan v. Noble, 538 So.2d 714 (La.App. 4th Cir.1989), writ denied, 543 So.2d 19 (La.1989). "The relevant law to determine whether the foreign court had jurisdiction is the law of the foreign state rendering the original judgment." Id. at 716.
Georgia's Long Arm Statute (OCGA Sec. 9-10-94) provides that a nonresident may be served outside the State of Georgia by any person authorized to make service according to the laws of the state where service is made. In Louisiana, under certain circumstances, a special process server (other than the sheriff) may be appointed to execute service. La.C.C.Pro. Art. 1293. However, that specially appointed person cannot delegate his authority to another. Guaranty Energy Corp. v. Carr. 490 So.2d 1117 (La.App. 5th Cir. 1986).
In the instant case, Keith Casey was appointed by the court to perfect service. However, it is undisputed that Casey's employee actually served Dr. Brickman. Hence, under Louisiana law the service was invalid. Thus, the Georgia court, relying on an invalid service under Louisiana law, lacked personal jurisdiction over Brickman. Without jurisdiction, the Georgia judgment is null and void, and cannot be recognized by Louisiana. Undoubtedly, had Brickman attacked the Georgia judgment in a Georgia Court, the result would be the same.
Screven argues that the only forum wherein it's judgment can be attacked for lack of jurisdiction is the Georgia court which rendered the judgment. In support, Screven cites this court's opinion in Pan Am World Services, Inc. v. Abdell, 522 So.2d 1177 (La.App. 4th Cir.1988). That case, however, is distinguishable. In Pan Am the defendant claimed the Mississippi judgment was an absolute nullity because it was obtained throught fraud and ill practices. Although the defendant asserted he was not served with process, the Mississippi court had jurisdiction because defendant had executed a waiver of process and a consent to the judgment. Under those circumstances, it was proper for the Mississippi court, not Louisiana's courts, to determine the "fraud and duress" allegations. Those allegations are defenses to the merits of the judgment, and not jurisdictional issues. Here, we hold that Georgia lacked jurisdiction in the first instance.
Accordingly, we reverse the judgment of the trial court, and stay the execution of the Georgia judgment.
REVERSED AND RENDERED.