WALTZER, Judge.
Anieul and James Brumfield (hereinafter “the Brumfields”) appeal from a default judgment granted in favor of Pendleton Memorial Methodist Hospital (Pendleton) in a suit on an open account. The question for review is whether Pendleton has met its burden of proving that the Brumfields were served with process by a court appointed private process server.
On April 16, 1990, Pendleton filed a petition on an open account against the Brum-fields, seeking recovery of a $14,877.16 debt allegedly incurred by Anieul Brum-field while she was hospitalized at Pendle-ton. The Civil Sheriff of the Parish of Orleans was unable to serve the Brum-fields. On motion of Pendleton, the court appointed a private process server, pursuant to La.C.Civ.P. Art. 1293.
The record contains two citations, one addressed to Anieul Brumfield and the other addressed to James Brumfield. The sheriffs return section of each citation indicates that domiciliary service was accomplished on February 17,1992 by leaving the citation and accompanying petition at the Brumfield’s home with James Brumfield’s brother, Daniel. The citations are signed by the special process server, Robert Krantz. Both citations were filed with the Civil Sheriffs Office on April 18, 1992.
On May 4, 1992, the trial court entered a preliminary judgment of default. The judgment was made final on May 14, 1992.
The Brumfields brought this appeal, arguing that no evidence was introduced to show that process was served by the court appointed process server. We affirm. The record contains sufficient proof of service of process.
La.C.Civ.P. Art. 1293, Service by private person, provides:
When the sheriff has not made service within five days after receipt of the process or when a return has been made certifying that the sheriff has been unable to make service, on motion of a party the court may appoint any person not a party over the age of majority, and residing within the state, to make service of process in the same manner as is required of sheriffs. Service of process made in this manner must be proved like any other fact in the case.
(emphasis added).
Pendleton argues that under La.C.Civ.P. Arts. 1702 and 1702.1, service of process has been proven just “like any other fact in the case.” We agree. La.C.Civ.P. Arts. 1702 and 1702.1 specify what will constitute prima facie proof in a default judgment on an open account. La.C.Civ.P. Art. 1702 provides, in pertinent part,
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.
B.(3) When the sum due is on an open account * * * an affidavit of the cor- *682 redness thereof shall be vrima facie proof. * * *
C. In those proceedings in which the sum is due on an open account * * * a hearing shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment.
[[Image here]]
(emphasis added). La.C.Civ.P. Art. 1702.1 provides, in pertinent part,
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized, form with the motion and judgment, a certification that the suit is on an open account, * * * and that the necessary invoices and affidavit * * * or certified reproduction thereof are attached. * * *
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered * * *
Under the standard of proof required by La.C.Civ.P. Arts. 1702 and 1702.1 in a suit on an open account, Pendleton has made a prima facie showing that process was served. Since no hearing was ordered by the trial court, as it could have ordered in its discretion under La.C.Civ.P. Art. 1702(C), Pendleton was required to make a prima facie showing by filing appropriate documents supported by affidavits of correctness. La.C.Civ.P. Art. 1702(B)(3). Pendleton offered proof of service in the form of: (1) sheriffs returns signed by the special process server, Robert Krantz; and (2) an attorney’s verification stating that service was accomplished through domiciliary service. Under La.C.Civ.C. Arts. 1702 and 1702.1, no further proof was required. Pendleton has, therefore proven just “like any other fact in the case,” that service was made.
The Brumfields argue that La.C.Civ.P. Art. 1292, which states that a sheriffs return “shall be considered prima facie correct,” distinguishes the probative value of a sheriffs return from that of a service return made by a private process server appointed pursuant to La.C.Civ.P. Art. 1293. This argument, while correct, is not dispositive of the issue presented. Basically, La.C.Civ.P. Art. 1292 places the burden of proof on the party attacking a sheriffs service return, while La.C.Civ.P. Art. 1293 shifts the burden to the party asserting the validity of a private service return. See Guaranty Energy Corp. v. Carr, 490 So.2d 1117, 1119 (La.App. 5th Cir.1986). Under the facts and circumstances of this case, Pendleton has met its burden of showing that service was made by the court appointed private process server.
In support of their argument that service was not proven, the Brumfields cite Guaranty Energy Corp. v. Carr, supra, 490 So.2d 1117. See also Brickman v. Screven County Hosp. Authority, 599 So.2d 427 (La.App. 4th Cir.1992). These cases hold that a private process server may not delegate his or her authority to another person. In the instant case, there is no indication that the private process server delegated his authority to another, nor that he failed in any other way to carry out the duties of his appointment. In the absence of a specific challenge to the sufficiency of service, we see no reason to question the showing made by Pendleton.
Under the standard of proof required by La.C.Civ.P. Arts. 1702 and 1702.1 in suits on an open account, Pendleton has made a prima facie showing as to the sufficiency of the service of process. Pendleton has proven, just “like any other fact in the case,” that service was made. No further proof was required, and the judgment of the trial court is, therefore, affirmed.
AFFIRMED.
SCHOTT, C.J., dissents.