I «SUSAN M. CHEHARDY, Judge.
John and Darlene Milliet (hereinafter “the Milliets”) appeal from a default judgment granted in favor of Michael and Iris Trahan (“the Trahans”). For the following reasons, we affirm.
On May 9, 2002, the Trahans filed a Petition for Damages and Injunctive Relief against their next-door neighbors, the Mil-liets, alleging that the Milliets had deprived them of peaceful enjoyment of their property. Specifically, the Trahans alleged that the Milliets had attached a wooden structure to the Trahans’ fence that, according to a recent survey, encroached on the Trahans’ property. Further, the Trahans allege that the Milliets’ dogs, which are kept in said structure, were specifically taught and encouraged by Mr. Milliet to bark at the Trahans and their visitors and generally allowed to bark “at all hours of the day and night.” Furthermore, the Trahans allege that the Mil-liets “routinely and systematically” deposit their dogs’ urine and feces onto the Tra-hans’ property by hosing the waste from inside of the structure, which is attached to the Trahans’ fence, into the Trahans’ yard.
|aThe Trahans also allege that the Mil-liets throw “wine glasses, sticks, rocks and cigarettes” among other things into the Trahans’ yard. Additionally, the Trahans allege that the Milliets trespassed on their property by parking their vehicles in and riding a motorcycle up and down the Tra-hans’ driveway. The Trahans also allege that the Milliets and their guests often park in a way that blocks ingress and/or egress from the Trahans’ driveway. Finally, the Trahans also allege that Mr. Milliet has, while riding his motorcycle, chased their 12-year-old son who was riding his bicycle and stared at him in a “mean, intentionally intimidating” fashion.
The Jefferson Parish Sheriff was unable after four attempts to serve the Milliets. Accordingly, the Trahans moved for appointment of a private process server, pursuant to La. C.C.P. art. 1293. In their motion, the Trahans asked the court to appoint “a representative of Legal Wings, Inc.” as the private process server. Further, the Trahans averred that the representative was “of full age of majority and a resident of the State of Louisiana.” On June 7, 2002, the trial judge appointed “a representative of Legal Wings, Inc.” to serve the petition on the Milliets. The trial court record indicates that, on July 5, 2002, Stephen Mentz of Legal Wings, Inc. served the citation and petition on Darlene Milliet at the Milliets’ residence.
On July 24, 2002, the Trahans moved for preliminary default. On July 31, 2002, the trial judge confirmed the default judgment. On August 6, 2002, the trial judge signed the written judgment in favor of the Trahans ordering, among other things, removal of the wooden structure, granting injunctive relief, and $10,000.00 in damages.
On May 21, 2003, the Milliets filed a Petition to Annul Judgment and for In-junctive Relief. The Milliets specifically alleged that the August 6, 2002 default judgment was invalid and should be annulled because service of process was not Lproperly effected. In the petition, they alleged that they had no knowledge of the initial proceedings until they were served with notice of a “Judgment Debtor Rule” in December of 2002. Further, they alleged that service of process was defective because the trial judge, when he appointed “a representative of Legal Wings, Inc.,” failed to appoint a specific person as required by La. C.C.P. art. 1293.
*941 On June 30, 2003, the Milliets’ Petition to Annul Judgment was tried. At trial, Mi*, and Mrs. Milliet testified that neither of them had been served with the Citation and original Petition for Damages and In-junctive Relief.
Mr. Mentz testified, however, that, on his third attempt to serve process on the couple, a woman answered the door at 4712 Craig Avenue. She was holding a brown and white dog, which “appeared to be a pit bull,” by the collar. He stated that, “knowing that it was going to be a difficult service to make,” he had already placed two copies of the citation and petition in a packet to enable himself to speedily effect service. He testified that, when the woman identified herself as Darlene, he threw the packet over her right shoulder and “walked away as quickly as possible to make sure the dog wasn’t coming out [sic] the house.” At trial, he identified defendant, Darlene Milliet, as the woman that he had served. He also testified that he saw a black truck and Lincoln automobile parked at the residence.
On cross-examination, Mrs. Milliet admitted that she owned at least one dog in July of 2002. Further, she also admitted that, in July of 2002, she drove a Lincoln Townear and her husband drove a black truck. After hearing the testimony, the trial judge took the matter under advisement.
On August 15, 2003, the trial judge issued a written judgment denying the Mil-liets’ Petition to Annul Judgment, finding that service was proper. The Milliets’, thereafter, moved for a new trial, which was denied after a hearing on October 1, 2003.
|RThe Milliets appeal the denial of their Petition to Annul as well as the denial of their Motion for New Trial. On appeal, the Milliets allege two assignments of error: first, the trial judge erred in failing to appoint a specific person as special process server, and, second, the trial judge erred in confirming the default judgment where the plaintiffs failed to prove service of process “like any other fact in the case” as required by La. C.C.P. art. 1293.
Regarding the first assignment of error, the Milliets, citing Guaranty Energy Corp. v. Carr, 490 So.2d 1117 (La.App. 5 Cir.1986); Brickman v. Screven County Hosp. Authority, 599 So.2d 427 (La.App. 4 Cir.1992); and Strain v. Premier Video, Inc., 99-0181 (La.App. 1 Cir. 3/31/00), 764 So.2d 983, contend that the statutory language prohibits appointment of an unnamed “representative” since an appointed process server cannot delegate the appointment to another person. While we agree that the current jurisprudence supports the conclusion that a special process server, appointed by the court pursuant to La. C.C.P. art. 1293, may not delegate authority to another, we find that inapplicable to this case. Here, the trial judge appointed a representative of a corporation. According to the record, Mr. Mentz, who served Mrs. Milliet, was one of the owners of the corporation as well as a representative of that corporation. There was no delegation of authority in this case. Accordingly, we find no error in the trial court’s finding that service of process was proper in this case.
Next, the Milliets argue that the trial judge erred in confirming the default judgment where the plaintiffs failed to prove service of process “like any other fact in the case” as required by La. C.C.P. art. 1293. Our review of the record indicates that the return of service was not in the record when it was lodged on appeal. We ordered supplementation of the record. The record now reflects “domiciliary service” on Darlene Milliet on July 5, 2002 by *942 Stephen Mentz of Legal Wings, Une.[1] The service return was in the trial court record on the date of the hearing on the confirmation of default. We are thus satisfied that the Trahans adequately complied with the statutory requirements and a valid default judgment was rendered on August 6, 2002.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Milliets.

AFFIRMED.

. Our review of the record indicates that the return of service was not in the record when it was lodged on appeal. We ordered supplementation of the record with the service return, which reflects "domiciliary service” on Darlene Milliet on July 5, 2002 by Stephen Mentz of Legal Wings, Inc. Further, the record contains the affidavit of Stephen Mentz stating that he personally served Mrs. Milliet at her home by handing her two copies of the Citation and Petition for Damages but mistakenly indicated on the service return that he had effected "domiciliary service” on Mrs. Milliet. Moreover, Mr. Mentz later testified that he personally served Mrs. Milliet and effected domiciliary service on Mr. Milliet.