Judge Joy Cossich Lobrano
Relator, Xavier University of Louisiana, seeks review of the district court's July 24, 2018 denial of its motion for preliminary default against respondent, Elemuel Coleman, an alleged former student, in a suit filed to recover education debt. We grant the writ and reverse the district court's denial of the motion for preliminary default.
On May 7, 2015, relator filed a petition naming respondent as defendant and demanding payment of a $21,536.31 student debt. The petition requested service upon respondent at 926 LeBoeuf Street, New Orleans, LA 70114 (the "LeBoeuf Street address"). On June 12, 2015, relator filed a motion to appoint special deputy to serve respondent, asserting that the "sheriff of this Parish has held the Citation and Petition which was designated for service on Elemuel Coleman, for an excess of ten days" and "has made a return certifying that he has been unable to effect service of process." On June 15, 2015, the district court appointed Curtis Stallworth to effect service on respondent. The district court again appointed Stallworth to effect service on respondent on June 6, 2018.
On June 21, 2018, Stallworth attested in an Affidavit of Service, in pertinent part, as follows:
On 6-20, 2018, I served Citation and Petition on Elemuel Coleman by leaving same at the domicile or usual place of abode of Elemuel Coleman at 926 LeBoeuf St., N.O. La. 70114 (address) in the hand of Bobby Bolds (name), a person of suitable age and discretion, residing therein as a member of said domiciliary establishment, the said Elemuel Coleman being absent from the domicile at the time of service.
The Affidavit of Service and service return on citation were filed into the record of the district court on June 25, 2018. On July 5, 2018, relator filed a motion for preliminary default, submitting that domiciliary service of the petition and citation was made on respondent on June 20, 2018, *732 the delays for answering had elapsed, and respondent had failed to appear or file an answer. On July 24, 2018, the district court denied relator's motion for preliminary default. This writ application timely followed.
"A judgment of default is sometimes referred to as a 'preliminary default.' " Arias v. Stolthaven New Orleans, L.L.C. , 2008-1111, p. 6 (La. 5/5/09), 9 So.3d 815, 819 (citations omitted). "In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment." Id. , 2008-1111, p. 5, 9 So.3d at 818. "This determination is a factual one governed by the manifest error standard of review." Id.
Here, the petition was served by a private process server, as provided for in La. C.C.P. art. 1293(A), which states in pertinent part:
When the sheriff has not made service within ten days after receipt of the process or when a return has been made certifying that the sheriff has been unable to make service, whichever is earlier, on motion of a party the court shall appoint a person over the age of majority, not a party and residing within the state whom the court deems qualified to perform the duties required, to make service of process in the same manner as is required of sheriffs. Service of process made in this manner shall be proved like any other fact in the case. Any person who is a Louisiana licensed private investigator shall be presumed qualified to perform the duties required to make service.
Under La. C.C.P. art. 1293, the party asserting the validity of a private service return bears the burden of proof. Pendleton Mem'l Methodist Hosp. v. Brumfield , 619 So.2d 680, 682 (La. App. 4th Cir. 1993).
"Service of citation or other process may be either personal or domiciliary, and except as otherwise provided by law, each has the same effect." La. C.C.P. art. 1231. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. C.C.P. art. 1234.
"A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law." La. C.C.P. art. 1001. "If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, a preliminary default may be entered against him. The preliminary default may be obtained by oral motion in open court or by written motion mailed to the court..." La. C.C.P. art. 1701(A).
Relator contends that the district court erred in denying its motion for preliminary default. Relator submits to this Court that, on inquiry to the district court staff as to why the motion was denied, counsel for relator was advised that "the judge was of the opinion that there was no evidence in the record that the [respondent] resided at the address where service of process was effected, or that the person served did, in fact, live with the [respondent] at his domicile."
We find that relator made a prima facie showing that domiciliary service of the petition was made on respondent by a private process server, Stallworth. Stallworth attested in his affidavit that (1) the LeBoeuf Street address was respondent's usual place of abode; (2) Bobby Bolds resided at the LeBoeuf Street address; and (3) Stallworth left the citation in the hands of Bobby Bolds at the LeBoeuf Street address. As no contradictory hearing was *733 held or required by La. C.C.P. art. 1701 for entry of a preliminary default, no evidence was introduced into the record to controvert Stallworth's affidavit. The record reflects that the respondent filed no answer to the petition. Accordingly, the district court erred in denying the motion for preliminary default.
Should respondent seek to defend against confirmation of the default judgment, he has the opportunity to do so, as provided in La. C.C.P. art. 1702. Respondent may also file an answer or responsive pleadings prior to confirmation of the default judgment. Moreover, should respondent claim that service was invalid and proceedings are null pursuant to La. C.C.P. art. 1201(A), he may bring an action for nullity at any time, as provided by La. C.C.P. art. 2002.
For these reasons, we grant the writ application and reverse the district court's denial of relator's motion for preliminary default.
WRIT GRANTED; REVERSED