737 So.2d 1270 (1999)
NATIONAL INCOME REALTY TRUST
v.
Cecilia S. PADDIE.
No. 98-C-2063.
Supreme Court of Louisiana.
July 2, 1999.
Christopher D. Shows, Peter Thomas Dudley, Pierce & Shows, Baton Rouge, Counsel for Applicant.
Robert Irwin Siegel, Walter F. Wolf, III, Hoffman, Siegel, Seydel, Bienvenu & Centola, New Orleans, Counsel for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to consider whether the court of appeal erred in nullifying a default judgment. For the reasons assigned, we reverse the judgment of the court of appeal and reinstate the judgment of the trial court dismissing the action in nullity.

FACTS AND PROCEDURAL HISTORY
In June 1994, Cecilia Paddie filed suit to recover damages for injuries she allegedly sustained in a fall at the Flannery House Apartments in Baton Rouge. The suit named various defendants who were alleged to be "owners and/or agents and/or *1271 managers for the owners" of the apartment complex, including Consolidated Capital Income Trust ("CCIT"), a California real estate investment trust. In July 1994, the petition was served on CCIT through personal service on its registered agent for service of process. CCIT failed to file an answer or other responsive pleading.
In March 1995, Ms. Paddie obtained a preliminary default against CCIT. In November 1995, the trial court held a hearing, at which time it confirmed the preliminary default and, based on the evidence presented by Ms. Paddie, rendered judgment against CCIT in the amount of $250,000, plus legal interest and costs. CCIT did not seek a new trial from the default judgment, nor did it appeal.
In August 1996, National Income Realty Trust ("NIRT"), as successor to CCIT, filed the instant suit, seeking to nullify the default judgment. In essence, NIRT contended that the 1995 default judgment was an absolute nullity because Ms. Paddie presented no evidence at the default confirmation hearing to show that CCIT owned, operated, or managed the apartment complex or otherwise owed any delictual duty to her. In a subsequently filed motion for summary judgment, NIRT argued that there was no "valid judgment by default" under La.Code Civ. P. art. 2002(A)(2) because the judgment was not confirmed by proof of the demand sufficient to establish a prima facie case, as required by La.Code Civ. P. art. 1702.
Ms. Paddie also filed a motion for summary judgment in the nullity action. She conceded that she had presented no evidence to show that CCIT had any relationship to the apartment complex that would give rise to liability; however, she argued that issues surrounding the sufficiency of the evidence presented at a default confirmation hearing are properly considered in a motion for new trial or by appeal, not in a nullity action.
After a hearing, the trial court granted Ms. Paddie's motion and dismissed NIRT's suit for nullity. NIRT appealed this ruling. The court of appeal reversed, concluding that the default judgment was null because Ms. Paddie failed to establish the relationship of CCIT to the premises where she fell.[1]
Upon Ms. Paddie's application, we granted certiorari to consider the correctness of this ruling.[2] The sole issue presented for our consideration is whether, in the case of a judgment by default, the failure of the plaintiff to present sufficient evidence establishing the relationship of a defendant to the case makes the resulting judgment an absolute nullity.

DISCUSSION
La.Code Civ. P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against a defendant against "whom a valid judgment by default has not been taken." It is well settled that this article applies only to technical defects of procedure or form of the judgment. Zuviceh v. Rodriguez, 444 So.2d 767 (La.App. 4th Cir.1984) (citing Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954)). The failure to establish the prima facie case required by La.Code Civ. P. art. 1702 is not a vice of form. Hollander v. Wandell, 97-556 (La.App. 5th Cir.11/12/97), 703 So.2d 742; State v. One 1990 GMC Sierra Classic Truck, 94-0639 (La.App. 4th Cir.11/30/94), 646 So.2d 492, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254. A failure of proof must be raised in a motion for new trial or by appeal, not by an action for nullity. MARAIST AND LEMMON, 1 LOUISIANA CIVIL LAW TREATISE, CIVIL PROCEDURE, § 12.6 (1999).
In the instant case, it is clear NIRT has not asserted any defect in the procedure or form of the default judgment. Rather, NIRT's sole contention is that Ms. Paddie failed to present sufficient evidence under La.Code Civ. P. art. 1702 to support her contention that CCIT owned the apartment *1272 building. This claim may be properly raised by timely motion for new trial or by appeal, but is not a ground for an action in nullity.[3]
Such an interpretation is necessary to preserve the sanctity of judgments. Under NIRT's theory, any default judgment, though procedurally proper on its face, could be attacked at any time, based on the failure to present sufficient proof. The resulting uncertainty would make it virtually impossible to rely on a final judgment obtained by default. This is why the law wisely allows such defects to be raised only by motion for new trial or on appeal.[4]
In sum, we find the court of appeal erred as a matter of law in declaring the default judgment to be absolutely null. The court of appeal's judgment must be reversed.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the trial court dismissing the nullity action filed by National Income Realty Trust is reinstated. All costs in this court are assessed against National Income Realty Trust.
NOTES
[*] Lemmon, J., not on panel. Rule IV, Part II, § 3.
[1] National Income Realty Trust v. Paddie, 97-1523 (La.App. 1st Cir.6/29/98), 714 So.2d 933.
[2] National Income Realty Trust v. Paddie, 98-2063 (La.11/6/98), 726 So.2d 915.
[3] NIRT cites Greenwood v. Pellissier, 96-4 (La. App. 5th Cir.4/30/96), 672 So.2d 1166, writ denied, 96-1572 (La.9/27/96), 679 So.2d 1347, White v. Esplanade Properties Corp., 95-571 (La.App. 5th Cir.11/28/95), 665 So.2d 579, and Griffin v. Pecanland Mall Ass'n, 535 So.2d 770 (La.App. 2d Cir.1988), for the proposition that Ms. Paddie's failure to prove a prima facie case would be considered reversible error. However, we note that in each of these cases, the default judgment was vacated on appeal, not in a nullity action.
[4] We recognize that La.Code Civ. P. art. 2002 creates a limited exception to this rule, allowing a final judgment obtained by "fraud or ill practices" to be annulled for vices of substance. In a case where the defendant cast in judgment has no connection with the subject matter of the suit, La.Code Civ. P. art. 2002 may have application. However, in the instant matter, NIRT does not contend that the judgment against it was obtained by fraud or ill practice, nor does it assert that CCIT was in fact not the owner of the apartment building, only that Ms. Paddie failed to present sufficient proof on the record of CCIT's ownership.