# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-653


**CHROMACEUTICAL ADVANCED TECHNOLOGIES, INC.**

**VERSUS**

**LUNDY & DAVIS, L.L.P.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-3946
HONORABLE R. RICHARD BRYANT  JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.


**Peters, J., dissents and assigns written reasons.**

### AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

**Merrick J. (Rick) Norman, Jr.**
**Norman Business Law Center**
**145 East Street**
**Lake Charles, LA 70601**
**(337) 436-7787**
**Counsel for Defendant/Appellee:**
**Lundy & Davis, L.L.P.**

**Kenneth Michael Wright**
**Attorney at Law**
**203 West Clarence St.**
**Lake Charles, LA 70601**
**(337) 439-6930**
**Counsel for Plaintiff/Appellant:**
**Chromaceutical Advanced Technologies, Inc.**

**SAUNDERS, Judge.**

**FACTS AND PROCEDURAL HISTORY:**

Chromaceutical Advanced Technologies, Inc. (hereinafter "Chromaceutical") filed suit in the Fourteenth Judicial District Court to annul a default judgment obtained against it by Lundy and Davis, L.L.P. (hereinafter "Lundy"). The trial court granted Lundy's exception of no cause of action, finding that Chromaceutical's petition failed to assert facts and allegations for which the law provides a remedy. When Chromaceutical sought leave to amend the petition to remove the grounds of the exception, the trial court refused. Chromaceutical brings this appeal, asserting two assignments of error.

**ASSIGNMENTS OF ERROR:**

1. Did the trial court err in granting Lundy's exception of no cause of action?

2. Did the trial court err in not allowing Chromaceutical the opportunity to amend their petition to state a cause of action, as provided for in La.CodeCiv.P. art. 934 ?

**ASSIGNMENT OF ERROR #1:**

Chromaceutical argues that the trial court erred in granting Lundy's exception of no cause of action. We disagree.

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition . . ..In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition.

*Indus. Co., Inc. V. Durbin.* 02-0665, p. 6 (La. 1/28/03), 837 So.2d 1207,1213 (citations ommitted). When determining whether the law affords a remedy, the court

must accept the allegations of the petition as true, resolving all doubts in favor of the plaintiff. *Farmco, Inc. v. W. Baton Rouge Parish Governing Council*, 01-1086 (La. 6/15/01), 789 So.2d 568.

Thus, in order for Chromaceutical's petition to withstand an exception of no cause of action, it must assert facts which, if accepted as true, would allow the trial court to nullify the contested default judgment, or perhaps provide some other legal remedy. Louisiana Code of Civil Procedure Articles 2002 and 2004 provide that a judgment can be annulled for vices of form or of substance. Louisiana Code of Civil Procedure Article 2002 states:

> A. A final judgment shall be annulled if it is rendered:
> (1) Against an incompetent person not represented as required by law.
> (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
> (3) By a court which does not have jurisdiction over the subject matter of the suit.
> B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

Then, La.Code Civ.P. art. 2004 states:

> A. A final judgment obtained by fraud or ill practices may be annulled.
> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

The trial court correctly determined that Chromaceutical's petition, rather than asserting grounds for nullity of a default judgment, simply alleged defenses that it could have asserted at the original trial on the merits, prior to Lundy's obtaining a

2

default judgment. A defendant cannot seek to annul a judgment simply because he failed to present a valid defense that could have been pled before the judgment. *Gilbert v. Pearson*, 478 So.2d 937. The petition failed to state any set of facts that would have permitted the trial court to annul the default judgment or provide any other remedy. Therefore, we uphold the trial court's grant of the exception of no cause of action.

**ASSIGNMENT OF ERROR #2:**

Chromaceutical next asserts that it should have been allowed to amend its petition in order to state a cause of action, as provided for in La.Code Civ.P. art. 934, which states:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

At oral argument, counsel for Chromaceutical suggested that service of process may have been insufficient and that, if warranted after further investigation by counsel, the petition may be amended to assert that vice of form as grounds for nullifying the default judgment against Chromaceutical. Moreover, in brief, Chromaceutical states that, if allowed to amend, it might allege, "in detail the lack of notice to Greg Gewirtz and that a Williams Food Group representative told Chromaceutical after the suit that Williams would handle the matter, if it were determined by this Court to be necessary."[1]

---

[1] Chromaceutical and Williams Food Group (hereinafter "WFG") were both party defendants in a separate matter. Chromaceutical asserts that it was in fact WFG that hired Lundy to represent Chromaceutical, and not Chromacuetical itself. WFG later filed for bankruptcy, but

Louisiana Code of Civil Procedure Article 5051 states that, "[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." This principle of liberality is, "particularly appropriate in the amendment process according to leading Louisiana scholars and jurists." *Giron v. Hous. Auth. of City of Opelousas*, 393 So.2d 1267, 1270 (La. 1981) (citing: McMahon, Summary of Procedural Changes in Chapter 1 , 3 L.S.A.: Code of Civil Procedure 2 , 3 (1960) ; McMahon, The Louisiana Code of Civil Procedure, 21 La.L.Rev. 1, 29 (1960) ; Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 217 (1969) ; Tucker, Proposal for Retention of the Louisiana System of Fact Pleading: Expose des Motifs, 13 La.L.Rev. 395, 425, 435 (1969)). We see no reason why La.Code.Civ.P. art. 934[2] should not apply in the case before us. Both at the trial level and on appeal, Chromaceutical asks leave to amend its petition in order to state a cause of action, and it should be allowed to do so.

---

Lundy did not file a claim in WFG's bankruptcy case. Chromaceutical states that Lundy failed to notify Greg Gewirtz, Chromaceutical's counsel, of Lundy's intention to sue Chromaceutical for legal fees.

[2]Louisiana Code of Civil Procedure Article 934 - When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

**CONCLUSION:**

For the above-stated reasons, we remand for proceedings not inconsistent with this opinion. All costs are to be shared equally between the parties.

_____

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-653


CHROMACEUTICAL ADVANCED TECHNOLOGIES, INC.

VERSUS

LUNDY & DAVIS, L.L.P.


PETERS, J., dissenting.

The majority affirms the trial court grant of the defendant's exception of no cause of action, but remands the matter to the trial court to allow the plaintiff the opportunity to amend its petition so as to state a cause of action with regard to the issue of service of process. I respectfully disagree with that portion of the opinion affirming the grant of the exception of no cause of action.

Louisiana Code of Civil Procedure Article 2004(A) provides that "[a] final judgment obtained by fraud or ill practices may be annulled." This article "is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure." *Belle Pass Terminal, Inc. v. Jolin, Inc.,* 01-149, p. 5 (La. 10/16/01), 800 So.2d 762, 766.

Were we at a point in the legal proceedings where we were called upon to review the trial court's decision on the merits of the nullity issue, our standard of review would not be "whether the trial court was right or wrong but whether the trial court's conclusions were reasonable." *Id.* at 766. However, we are not at that juncture. Instead, we are called upon to determine whether the trial court erred in

concluding that the plaintiff's pleadings stated a cause of action, nothing more. I find

that the pleadings, and specifically paragraph 6 of the plaintiff's petition, sufficiently

satisfies the criteria laid out in the *Belle Pass Terminal, Inc.* decision. That paragraph

states:

> The judgment dated December 22, 2006, was obtained in violation of
> Code of Civil Procedure Article 2004(A) in that Lundy led the Court to
> believe it had been employed by Chromaceutical, when in fact it had
> been employed by WFG.

I would reverse the trial court grant of the exception of no cause of action and remand

the matter to the trial court for application of La.Code Civ.P. art. 2004 and the

holding in the *Belle Pass Terminal, Inc.* decision to the facts presented at trial. This

allegation may be a defense to the original judgment, but unlike the majority, I find

that the allegation of misleading the trial court calls into play La.Code Civ.P. art.

2004. Whether this allegation is true is a question for the trier of fact at a trial on the

merits.

2