CHAISSON, J.
Iiln this personal injury case, Nurses Registry Home Health, Inc. (“Nurses Registry”) appeals a judgment by default in favor of Helen J. Audler. For the following reasons, we vacate the judgment and remand this matter to the district court for further proceedings.
*300 FACTS AND PROCEDURAL HISTORY
On May 15, 2014, Ms. Audler filed suit against Latrice Morris alleging that she sustained injuries as the result of an automobile accident for which Ms. Morris was at fault. On January 30, 2015,' Ms. Audler filed a Second Supplemental and Amended Petition adding Ms. Morris’ employer, Nurses Registry, as a defendant, and -alleging that Ms. Morris was in the course and scope of her employment at the time of the accident. Ms. Audler requested that Nurses Registry be served with the original petition and the first and second supplemental petitions through their registered agent for service of process, Raymond C. Breaux, at his address in Jefferson, Parish.
On February 24, 2015, the Jefferson Parish Sheriffs Office filed their return with the St. John Parish Clerk of Court indicating that they had been unable to serve Mr. Breaux after making five attempts at service. Consequently, on March 27, 2015, Ms. Audler filed a Motion for Appointment of Process Server in which she requested that the court appoint Mike Donegan as a special serving officer to affect service upon Nurses Registry. The district court granted that motion on March 30, 2015.
On June 4, 2015, Ms. Audler filed an Affidavit of Service executed by an unidentified Susan Fontana, who stated that the petitions were “,.. served by the Appointed Process Server, Mark Donegan, upon Nurses Registry Home Health, Inc., at 900 North Corporate Drive, Suite 302, Harahan, LA 70123 through Lydia.” Attached to Ms. Fontana’s affidavit was a return of the citation, purportedly signed |aby Mark Donegan, indicating that on April 13, 2015, he had served Nurses Registry by “domiciliary service” through “... Lydia, a person apparently over the age of seventeen years, living and resided in said domicile
On June 18, 2015, upon motion of Ms. Audler, the district court entered a preliminary default against Nurses Registry. On August 27, 2015, Ms. Audler appeared before the district court and confirmed a default judgment against Nurses Registry in the amount of $65,205, together with legal interest thereon from date of judicial demand and all costs of the proceedings. It is from this judgment, signed by the district court on November 3, 2015, that Nurses Registry now appeals.
ASSIGNMENTS OF ERROR
In this appeal, Nurses Registry assigns the following four errors:
1) The trial court erred in granting a , Default Judgment without adequate proof of service upon Nurses Regis-' try Home Health, Inc.;
2) The trial court erred in granting a Default Judgment without Plaintiff meeting her burden of proof;
3) The trial court erred in granting a Default Judgment that failed to credit Nurses Registry Home Health, Inc. for compromise between Plaintiff and a solidary obli-gor; and
4) The trial court erred in awarding general damages to the Plaintiff which were unreasonable, excessive and not based upon the Plaintiffs proven injuries.
DISCUSSION
In its first assignment of erroi-, Nurses registry contends that the record is devoid of any evidence that service was properly perfected on Nurses Registry prior to the trial court’s granting of the default judg *301 ment.[1] Specifically, Nurses Registry argues that the affidavit of service of Ms. Fontana is deficient for a number of reasons: 1) that Ms. Fontana is not the person who perfected service hand she does not indicate that her affidavit is made upon personal knowledge; 2) that the affidavit indicates that Mark Donegan, not Mike Donegan, perfected service, and that he was not authorized by the court to do so; 3) that the address stated in the affidavit is not an address at which Nurses Registry regularly conducts business; 4) that the affidavit states that service was made upon Nurses Registry “through Lydia,” but there is no evidence in the record that Lydia was an employee of suitable age and discretion of Nurses Registry; and 5) that the affidavit does not certify that the process server was unable, after due diligence, to serve Nurses Registry through its designated agent before employing other means to make service.
Although Nurses Registry argues the fact that Ms. Fontana’s affidavit states that Mark Donegan, rather than Mike Do-negan, made service upon Nurses Registry is an issue of adequate proof of service, it does not argue that service by Mark Done-gan, who was not appointed by the district court to make service, is invalid service. Ms. Audler acknowledges that service was made by Mark Donegan, rather than by Mike Donegan, but argues that a court-appointed special process server, as an agent of the court, is authorized to delegate his duty of service to another individual. We disagree.
“Citation and service thereof are essential in all civil actions ... Without them all proceedings are absolutely null.” La. C.C.P. art. 1201.[2] La. C.C.P. art. 2002 provides that “[a] final judgment shall be annulled if it is rendered ... [algainst a defendant who has not been served with process as required by law ...”
La. C.C.P. art. 1293(A), which governs service by private persons authorized by the court to make service, provides, in pertinent part:
When the sheriff has not made service within ten days after receipt of the process or when a return has been made certifying that the sheriff has been unable to make service, whichever is earlier, on motion of a party the court shall appoint a person over the age of Lmajority, not a party and residing within the state whom the court deems qualified to perform the duties required, to make service of process in the same manner as is required of sheriffs.
La. C.C.P. art. 1293 does not authorize a court-appointed special process server to delegate his service duties to another individual. Furthermore, it imposes an obligation upon the appointing court to determine that the proposed process server is deemed qualified. Any attempt by the appointing court to give either express or implied authority to a private person, who it has appointed as process server, to delegate his duties to another individual, would be an abrogation of the court’s own responsibilities. An individual appointed by the court as a private process server cannot delegate his duties to make service to another person. Guaranty Energy Corp. v. Carr, 86-27 c/w 86-28 (La. App. 5th Cir. *302 6/2/86), 490 So.2d 1117, 1120. See also, Strain v. Premier Video, Inc., 99-0181 (La.App. 1 Cir. 3/31/00), 764 So.2d 983, 986.
Additionally, the Louisiana Legislature clearly contemplated the limited situation in which an appointed process server is able to delegate the duty of service. La. C.C.P. art. 1293(C) provides:
In addition to those natural persons who the court may appoint to make service of process pursuant to Paragraph A or B of this Article, the court may also appoint a juridical person which may then select an employee or agent of that juridical person to make service of process, provided the employee or agent perfecting service of process is a natural person who qualifies as an agent for service of process pursuant to Paragraph A or B of this Article.
The Legislature chose not to authorize a private person who is appointed as process server pursuant to La. C.C.P. art. 1293(A) to delegate his duty of service to another individual, although the Legislature could have so provided if that was its intent.
Ms. Audler attached an affidavit of Mark Donegan to her opposition to a motion for new trial filed by Nurses Registry. Mark Donegan’s affidavit indicates that Mike Donegan is his brother and that they are the co-owners of D & D | ^Investigative Services, Inc. However, Ms. Audler’s motion to appoint process server did not request that D & D Investigative Services, Inc. be appointed as process server; it requested that Mike Donegan be appointed, and that is who the district court appointed. Therefore, Mark Donegan had no authority from the district court to perfect service upon Nurses Registry, and any service that he made upon Nurses Registry is not valid service. As such, the default judgment rendered against Nurses Registry is an absolute nullity and must be set aside.
Having found the default judgment to be an absolute nullity, we pretermit any discussion of Nurses Registry’s other arguments and assignments of error.
CONCLUSION
The delivery of the citation and petitions to Nurses Registry’s employee by Mark Donegan, who was not appointed by the district court to make service, was not valid service, and the default judgment is therefore an absolute nullity and must be set aside. This matter is remanded to the district court for further proceedings consistent with this opinion.
JUDGMENT VACATED; MATTER REMANDED

. Nurses Registry has at various times filed conflicting pleadings as to whether or not it acknowledges that "Lydia'' actually physically received the citation and petitions from Mark Donegan. For purposes of this appeal, we accept that Mark Donegan physically delivered the citation and petitions to “Lydia,” who was an employee of Nurses Registry suitable to receive service,

. La. C.C.P. art. 1201 provides limited exceptions to this rule, none of which are applicable to the matter before us.