CRAIN, J.
John Traylor appeals a summary judgment dismissing his petition to annul a deficiency judgment. We affirm.
FACTS AND PROCEDURAL HISTORY
First Bank and Trust is the holder of a promissory note secured by a mortgage and allegedly secured by a commercial guaranty signed by Traylor. After the maker of the note defaulted, First Bank used executory process to seize and sell *19 the immovable property encumbered by the mortgage. The sale proceeds did not fully pay the indebtedness, so First Bank filed a petition for deficiency judgment against Traylor, seeking to enforce the commercial guaranty.
Traylor was personally served with the petition on February 2, 2012, but did not file responsive pleadings. A default judgment was confirmed against him on March 6, 2012, and notice of the judgment was mailed the next day. Traylor did not appeal the judgment or file a motion for new trial. In response to a motion filed by First Bank, Traylor subsequently appeared in court with counsel and submitted to a judgment debtor examination.
On April 22, 2016, almost two years after the judgment debtor examination, Traylor filed a petition seeking to annul the March 6, 2012 default judgment. According to Traylor's petition, First Bank, in confirming the judgment, (1) failed to introduce evidence establishing it was the holder in due course of the note, and more specifically, failed to prove it was the legal successor of the named payee; (2) failed to introduce the original instruments into evidence and, instead, attached the originals to the petition for executory process, which was not served on Traylor; and (3) failed to prove Traylor had any obligation under the guaranty, because the portion of the note secured by Traylor's guaranty was allegedly satisfied by the proceeds from the sheriff's sale. In reliance on the foregoing, Traylor alleged the default judgment is null for vices of form under Louisiana Code of Civil Procedure article 2002.
First Bank filed a motion for summary judgment seeking a dismissal of Traylor's petition, arguing, in relevant part, that a default judgment cannot be annulled based on the purported insufficiency of the evidence offered to confirm the judgment. In support of the motion, First Bank submitted copies of the exhibits used to confirm the default judgment, including an affidavit confirming personal service of the petition on Traylor, the preliminary default, an affidavit attesting to the amount due, the promissory note, and the commercial guaranty. Traylor filed no exhibits in opposition to the motion.
The trial court granted the motion, finding the grounds asserted by Traylor are not sufficient to support an action in nullity. In a judgment signed on August 29, 2016, the trial court dismissed the petition to annul with prejudice. Traylor appeals.[1]
DISCUSSION
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La. App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for *20 summary judgment, the mover's burden does not require that he negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1).
Traylor's nullity action is based on Article 2002A(2), which, in relevant part, provides that a final judgment shall be annulled if it is rendered against a defendant "against whom a valid judgment by default has not been taken." Article 2002 applies only to technical defects of procedure or form of the judgment. National Income Realty Trust v. Paddie, 98-2063 (La. 7/2/99), 737 So.2d 1270, 1271 ; Strain v. Premier Video, Inc., 99-0181 (La. App. 1 Cir. 3/31/00), 764 So.2d 983, 985 n.3. The failure to establish the prima facie case required by Louisiana Code of Civil Procedure article 1702 is not a vice of form. National Income Realty Trust , 737 So.2d at 1271 ; Strain, 764 So.2d at 985 n.3. A failure of proof must be raised in a motion for new trial or by appeal, not by an action for nullity. National Income Realty Trust, 737 So.2d at 1271 ; Strain, 764 So.2d at 985 n.3.
The evidence submitted by First Bank adequately points out an absence of factual support for one or more elements essential to Traylor's nullity claim. The evidence reflects personal service of the petition for deficiency judgment on Traylor, the absence of any responsive pleadings, and the confirmation of a default judgment after expiration of the applicable legal delays. Thus, to defeat the motion for summary judgment, Traylor had to produce factual support sufficient to establish the existence of a genuine issue of material fact or that First Bank is not entitled to judgment as a matter of law. See La. Code Civ. Pro. art. 966D(1).
Traylor produced no factual support for his claim. Instead, he relies on the argument that the evidence submitted by First Bank was not sufficient to confirm the default judgment. Specifically, Traylor contends the evidence failed to prove First Bank was the holder in due course of the note, or that the guaranty he signed secured payment of the actual note at issue. Traylor also maintains the evidence did not establish his liability under the guaranty because the proceeds of the sheriff's sale, according to Traylor, exceeded the amount of the guaranty.
Those contentions, however, do not establish defects in the form of the deficiency judgment or the procedure used to obtain it, as required to nullify a judgment under Article 2002. At best, if his assertions are accepted as true, Traylor has identified omissions in the evidence presented to confirm the default judgment, or affirmative defenses that could have been presented, but were not, in opposition to First Bank's claim. The lack of evidence is a failure of proof, not a vice of form under Article 2002. See National Income Realty Trust, 737 So.2d at 1271 ; Strain, 764 So.2d at 985 n.3. Likewise, a defendant cannot seek to annul a judgment simply because he failed to present a valid defense that could have been pled before the judgment. Chromaceutical Advanced Technologies, Inc. v. Lundy & Davis, L.L.P., 08-653 (La. App. 3 Cir. 2/4/09), 4 So.3d 227, 229, writ denied, 09-0428 (La. 5/22/09), 9 So.3d 146. The alleged lack of evidence to support the default judgment is not a valid basis to nullify the judgment under Article 2002.
*21 Traylor also argues the deficiency judgment is null because he was neither named as defendant in the executory proceeding nor served with notice of the proceeding. This argument has no merit. When, as here, a surety has no interest in the mortgaged property, the law does not require the surety be named in, or notified of, an executory proceeding effecting the seizure and sale of the encumbered property. See Cameron Brown South, Inc. v. East Glen Oaks, Inc., 341 So.2d 450, 458-59 (La. App. 1 Cir. 1976) ; Security National Trust v. Moore, 639 So.2d 373, 376-77 (La. App. 2 Cir. 1994) ; Colonial Bank v. Pier Five, Inc., 469 So.2d 1029, 1035 (La. App. 4 Cir.), writ denied, 475 So.2d 363 (La. 1985). The failure to name Traylor as a defendant in the executory proceeding, or otherwise notify him of that proceeding, is not a valid basis to nullify the default judgment rendered in the deficiency judgment action.[2]
In a similar argument, Traylor asserts the maker of the note is a necessary party to the deficiency judgment action; therefore, because the maker was not named in the action, the judgment is absolutely null. This argument likewise has no merit. A creditor may sue the surety, alone, without joining the principal obligor. See La. Civ. Code art. 3045, Revision Comment (c); Katz v. Innovator of America, Inc., 552 So.2d 724, 726 (La. App. 1 Cir. 1989). Because the maker of the note was not a necessary party to the deficiency judgment action, the failure to sue that party is not a valid basis to nullify the default judgment.
Finally, Traylor asserts the deficiency judgment should be annulled under Louisiana Code of Civil Procedure article 2004, which permits nullification of a judgment obtained "by fraud or ill practices." A judgment is the product of fraud or ill practices when (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) enforcement of the judgment would be unconscionable or inequitable. Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149 (La. 10/16/01), 800 So.2d 762, 766. An action for nullity based on fraud or ill practices, however, is not a substitute for an appeal; the purpose of the action is to prevent an injustice that could not have been corrected through a new trial or appeal. See Expert Oil & Gas, L.L.C. v. Mack Energy Co., 16-0068 (La. App. 1 Cir. 9/16/16), 203 So.3d 1080, 1083. The party seeking annulment for fraud or ill practices must show that some fraud or ill practice by the other party prevented the assertion of available defenses. Harriss v. Archives Grill, LLC, 51,298 (La. App. 2 Cir. 4/5/17), 217 So.3d 1203, 1210.
In support of this argument, Traylor again cites the purported lack of evidence establishing his liability under the guaranty. The undisputed facts confirm Traylor was personally served with the petition for deficiency judgment and, therefore, had notice of the proceeding and an opportunity to contest the claim. Traylor failed to take advantage of that opportunity and allowed a default judgment to be entered against him. It is not unconscionable or inequitable to enforce a default judgment against a defendant who had a valid defense but failed to timely assert it. Green Tree Servicing, LLC v. Edwards, 17-214, 232 So.3d 688, 694-95, 2017 WL 5474256, *4 (La. App. 5 Cir. 11/15/17).
*22 Based upon our de novo review, the trial court did not err in granting summary judgment to First Bank, dismissing Traylor's petition to annul with prejudice.
CONCLUSION
The August 29, 2016 judgment is affirmed. All costs of this appeal are assessed to John Traylor.
AFFIRMED.

The August 29, 2016 judgment also denied, as moot, an exception of prescription filed by First Bank.

Traylor does not contend, nor does the record indicate, First Bank did anything to impair the value of the encumbered property, which, under certain circumstances, can extinguish or reduce a surety's liability. See La. Civ. Code art. 3062.