## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CU 0899

DONALD WILLIAMS, JR.

VERSUS

ALANIA KANTRELLE VEAL

Judgment Rendered: **FEB 2 4 2021**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 126057

Honorable Jason Verdigets, Judge Presiding

* * * * * * *

| | |
|---|---|
| Miracle D. Myles<br>Plaquemine, Louisiana | Attorneys for Defendant/Appellant,<br>Alania Kantrelle Veal |
| Travis J. Turner<br>Keyojuan G. Turner<br>Gonzales, Louisiana | |
| Sharah Harris Wallace<br>Plaquemine, Louisiana | Attorney for Plaintiff/Appellee,<br>Donald Williams, Jr. |

* * * * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**PENZATO, J.**

Defendant, Alania Kantrelle Veal, appeals a trial court judgment establishing custody. For the following reasons, we vacate the judgment and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Ms. Veal and plaintiff, Donald Williams, Jr., are the parents of a four-year-old minor child. On July 9, 2019, Mr. Williams filed a petition for custody seeking "joint and shared" custody of the child. The hearing on the matter was continued several times because service could not be made on Ms. Veal.

On February 3, 2020, a hearing was held on Mr. Williams's petition for custody. Ms. Veal was not present in court. Counsel for Mr. Williams acknowledged that service had not been made on Ms. Veal but argued that "every possible effort" to serve her had been made. The trial court heard testimony from Mr. Williams and his parents and took the matter under advisement. On March 4, 2020, the trial court issued written reasons for judgment and signed a judgment awarding joint custody, designating Mr. Williams as domiciliary parent, and granting Ms. Veal physical custody of the minor child every other weekend. The judgment further provided for holiday visitation.[1]

On April 23, 2020, Ms. Veal filed a petition to nullify the March 4, 2020 judgment for failure to serve her with process as required by law. The trial court denied the petition to nullify in open court on July 6, 2020.[2]

On July 21, 2020, the clerk of court issued notice of the March 4, 2020

---

[1] In the reasons for judgment, Ms. Veal is referred to as "Alaina" and both the judgment and written reasons for judgment contain this spelling in the case caption.

[2] The action for nullity filed by Ms. Veal is an action for an absolute nullity under La. C.C.P. art. 2002. It may be filed at any time, in any court, and may use either summary or ordinary procedure. See La. C.C.P. art. 2006; *Meadows v. Adams*, 2018-1544 (La. App. 1 Cir. 11/9/20), ___ So.3d ___, ___, 2020 WL 6561608, at *5.

2

custody judgment.[3]  Ms. Veal appeals, challenging the lack of service.[4]

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 1201(A) provides that "[c]itation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null."[5]

A fundamental principle of law is that no valid judgment can be rendered in any case where the defendant has not been informed of the suit in strict compliance with the law.  *Strain v. Premier Video, Inc.*, 1999-0181 (La. App. 1 Cir. 3/31/00), 764 So. 2d 983, 986 n.4.

A judgment rendered against a defendant who has not been served with process as required by law and who has not appeared is an absolute nullity. La. C.C.P. art. 2002(A)(2); *Adair Assets Management, LLC v. Porter*, 2016-0414 (La. App. 1 Cir. 12/22/16), 2016 WL 7409103, *3 (unpublished).

In this case, there is no dispute that Ms. Veal was not served with Mr. Williams's petition for custody or an order setting the matter for hearing.  The trial court, in its reasons for judgment, recognized that "service was never made" on Ms. Veal.  Nevertheless, the trial court proceeded to adjudicate custody, noting that "Ms. Veal has refused to accept service and her unwillingness to cooperate is a major factor that weighs heavily with this Court."

---

[3] The record reflects that notice of judgment was issued on March 5, 2020, to counsel for Mr. Williams, but does not reflect that notice was sent to Ms. Veal.

[4] Ms. Veal also alleges that the trial court committed reversible error in its consideration of the best interest of the child according to La. C.C. art. 134 and abused its discretion in uprooting the minor child from his mother with whom he has resided primarily from his birth.  Because we find merit in her assignment of error regarding service, we pretermit consideration as to these remaining assignments of error.

[5] The petition for custody filed by Mr. Williams was a summary proceeding. See La. C.C.P. art. 2592(8).  As such, citation was not necessary. See La. C.C.P. arts. 2591, 2594.  However, service of the pleading and the hearing date is still required or any judgment rendered in connection therewith will be an absolute nullity. See *Barrios v. Barrios*, 95-1390 (La. App. 1 Cir. 2/23/96), 694 So.2d 290, 294, writ denied, 96-0743 (La. 5/3/96), 672 So.2d 691.

3

The record does not contain any evidence that Ms. Veal purposefully avoided service. Mr. Williams failed to introduce any evidence at the February 3, 2020 hearing regarding when service was attempted or the number of times it was attempted. See *Adair Assets Management*, 2016 WL 7409103 at *4.

Ms. Veal attached sheriff's returns to her petition to nullify the March 4, 2020 judgment that show the following:

1. Service of Mr. Williams's petition for custody was issued by the clerk of court on July 24, 2019, indicating a service address of 1222 South Sky Ave., Gonzales, Louisiana. The sheriff's return indicates it was returned on September 4, 2019, as "past court date no service."

2. Service of an October 8, 2019 hearing date was issued by the clerk of court on September 9, 2019, indicating a service address of 12222 South Sky Ave., Gonzales, Louisiana.[6] The sheriff's return indicates it was returned on October 21, 2019, with "No service."

3. Service of an October 8, 2019 hearing date was issued by the clerk of court on September 19, 2019, indicating a service address for Ms. Veal of Our Lady of the Lake Regional Medical Center at 5000 Hennessey Blvd., Baton Rouge, Louisiana. The sheriff's return indicates service was "refused because it goes to an employee."

4. Service of a January 6, 2020 hearing date was issued by the clerk of court on December 10, 2019, indicating a service address of 1222 South Sky Ave., Gonzales, Louisiana. The sheriff's return indicates it was returned on December 13, 2019, as "moved [address] [unknown]."

The record indicates that Mr. Williams filed a motion to appoint a special process server on January 2, 2020 for the February 3, 2020 hearing and that the trial court signed an order appointing a special process server to make service on Ms. Veal at 1222 South Sky Ave, Gonzales, Louisiana.[7]

---

[6] There is no evidence in the record to indicate whether the proper address for Ms. Veal was **1222** South Sky Ave., Gonzales, Louisiana, or **12222** South Sky Ave., Gonzales, Louisiana.

[7] Mr. Williams included this address in his motion even though he received notice from the sheriff that Ms. Veal had moved from this address.

Notwithstanding the lack of evidence that Ms. Veal refused to accept service, the record is clear that she has not been served with the petition for custody. Therefore, the judgment signed on March 4, 2020, is null for lack of service of process. See La. C.C.P. art. 2002(A)(2).

## CONCLUSION

For the foregoing reasons, we vacate the March 4, 2020 judgment of the trial court awarding joint custody, designating Donald Williams, Jr., as domiciliary parent, and granting Alania Kantrelle Veal physical custody of the minor child every other weekend, and remand the matter for further proceedings. Costs are assessed to Donald Williams, Jr.

**VACATED AND REMANDED.**