598 So.2d 1256 (1992)
Wayne D. GUSMAN
v.
Peggy D. GUSMAN.
No. 91-CA-1970.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Marlin N. Gusman, New Orleans, for Wayne D. Gusman.
Before KLEES, CIACCIO and WARD, JJ.
*1257 WARD, Judge.
This appeal arises from a suit for divorce and a rule for custody of minor children born of the marriage between Lieutenant Commander Wayne Gusman and his wife, Peggy. Commander Gusman as a member of the United States Coast Guard was stationed in Virginia when he and his wife agreed to separate. He and his wife took separate apartments, but the minor children remained with Peggy. After a separation of more than six months, he filed suit in the Civil District Court for the Parish of Orleans, asking for a divorce and seeking custody of the two minor children born of their marriage. Ten days later Peggy Gusman filed suit in Virginia also seeking divorce and custody of the minor children.
The central issue in this dispute is the custody of the minor children, ages 11 and 10, not the divorce. The trial court held that the State of Virginia, not the State of Louisiana, had jurisdiction of the issue of custody, relying on the Uniform Child Custody Jurisdiction Act, which has been adopted in Louisiana, now LSA-R.S. 13:1700 et seq. The pertinent parts of that act are set out here.
The general purposes of this part are to:
(3) Assure that litigation concerning the custody of a child takes place ordinarily in the state with connection and where significant evidence concerning relationships is most readily available, and to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.
In another section the Uniform Act confers jurisdiction on Louisiana courts only when:
(1) This state (i) is the home state of the child at the time of the commencement of the proceeding, * * *; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
Commander Gusman contends the trial court erred by relying wholly on the Uniform Child Custody Jurisdictional Act, finding Virginia was the "home state" of the minor children, and for that reason ruling that Louisiana does not have jurisdiction over the child custody issue. The consequence is that the State of Virginia will determine the child custody issue. Commander Gusman has appealed, and asks this court to set aside the finding of the trial court, reverse the trial court's ruling as to jurisdiction, and order a hearing of the child custody issue in the Civil District Court for the Parish of Orleans.
His contention that the trial court erred has two bases; the first challenges the application of the Uniform Act, the second contends that the trial court misapplied the Act. First, he argues that Louisiana Courts have jurisdiction because he is a domiciliary of Louisiana, and therefore Louisiana has jurisdiction over his suit for divorce and the issue of child custody. Commander Gusman has convincingly shown that by virtue of La.C.C.P. art. 10 that Louisiana courts have jurisdiction over the suit for divorce, however, as he concedes, he cannot rely upon art. 10 to prove jurisdiction over child custody issues, because section (5) of that article confers jurisdiction only over "a proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state." Historically children were conclusively held to have the same domicile as their father. Repeal of gender based statutes means that argument cannot be maintained. A minor's domicile must be held to be the domicile of the custodial parent, if one has been named; and if one has not because custody is the issue then temporarily at least the minor does not have a domicile. As a consequence C.C.P. art. 10(5) conferring jurisdiction because a minor's domicile is in Louisiana can not apply in this case.
Turning now to Commander Gusman's claim that the trial court misapplied the Uniform Child Custody Jurisdictional Act, he acknowledges the Act gives jurisdiction *1258 to either the "home state" of the minor or to the state which is in the best interest of the child. His complaint, however, is that the trial court erred by mechanically assuming that "home state" means Virginia, making that finding only because the children are now living there. He contends that the place where a serviceman is stationed is always a temporary residence, and that as a consequence Virginia is neither his "home state" nor his wife's, nor his children's; it is only where they are temporarily living. He argues that by the very nature of a serviceman's profession he may be stationed at various places but he, his wife, and his children's "home state" is where they are domiciled, in New Orleans.
To prove Louisiana courts have jurisdiction and to show that it is their "home state" Lieutenant Commander Gusman relies on the following facts and allegations that were produced in a hearing in the Civil District Court for the Parish of Orleans on the issue of jurisdiction. He and Peggy were each domiciled in New Orleans before they married. After marriage they were domiciled in New Orleans, and lived here several years. As a member of the United States Coast Guard, Wayne and Peggy have lived in several other places where he has been stationed, not just Virginia. He and his wife maintained their Louisiana domicile no matter where the United States Coast Guard stationed him. Besides maintaining a domicile in New Orleans, he owns a home in New Orleans, he plans to live in New Orleans when he retires. Maternal grandparents and paternal grandparents, uncles and aunts, cousins and friendsall live in New Orleans.
The second basis for Commander Gusman's argument is that the trial court erred by ignoring section 1, paragraph (2) of the Uniform Child Custody Jurisdiction Act. As he correctly contends "home state" is not the only criteria to be considered to determine jurisdiction. The courts should also consider what jurisdiction is in the "best interest of the child". He contends that is Louisiana.
Considering first Commander Gusman's argument that Louisiana has jurisdiction by virtue of La.C.C.P. art. 10(5), we hold that when Louisiana adopted the Uniform Child Custody Jurisdiction Law the Legislature intended that law to supersede all laws in conflict with it, including C.C.P. art. 10(5) While this does not mean art. 10(5) was facially repealed, it does mean that it was repealed as to its applicability when in conflict with the Uniform Law where, as in this case, Virginia and Louisiana have adopted it.
La.C.C.P. art. 10(5) is inapplicable even without the Uniform Act because a minor's domicile can no longer be said to be that of the father. Either a minor has a separate domicile or a minor's domicile is the domicile of the custodial parent. Where custody has not been decided, and where jurisdiction of custody is the issue, Gusman's argument that Louisiana has jurisdiction because the minor's domicile is Louisiana must be rejected. Wayne Gusman simply cannot bootstrap jurisdiction here.
Considering now Gusman's contention that the trial court misapplied the Uniform Laws, the trial court found that the "home state" of the minor children is the state where they are now residing with their mother, where they now go to school, and where they play with new found friends Virginia. This is essentially a finding of fact subject to review under the manifest error standard. Commander Gusman has not shown that finding of fact was manifestly erroneous; it is supported by the record.
Whether Louisiana should assume jurisdiction because it is in the best interest of the child is indeed a second criteria, another basis for jurisdiction. However, we are convinced from the record the trial court considered this, and for the same reasons given above the trial court found that it is in the best interest of the children that Virginia assume jurisdiction. Additionally, information about the children's present and future care are readily available in Virginia. The trial court's finding is not manifestly erroneous.
AFFIRMED.