STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0527R

FORREST KEITH COCHRAN

VERSUS

KATHRINE SAWYER FOREMAN

Judgment Rendered: ___MAR 0 4 2022___

* * * * *

On appeal from the
20th Judicial District Court
Parish of West Feliciana, State of Louisiana
No. 23235

The Honorable William G. Carmichael, Judge Presiding

* * * * *

Cy J. D'Aquila, Jr.                    Counsel for Plaintiff/Appellant
Heather Crabtree                       Forrest Keith Cochran
New Roads, Louisiana


Charles E. Griffin, II                 Counsel for Defendant/Appellee
St. Francisville, Louisiana            Katherine Sawyer Foreman


* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, McDONALD,
HOLDRIDGE, AND WOLFE, JJ.

**WOLFE, J.**

This appeal of a judgment denying and dismissing a father's petition to annul rulings rendered in a custody proceeding is before us on remand from the Louisiana Supreme Court. We affirm.

## FACTS AND PROCEDURAL HISTORY

Forrest Keith Cochran and Kathrine Sawyer Foreman are the unmarried parents of L.C., born September 9, 2016, in Louisiana. In June 2017, Mr. Cochran, a Mississippi resident, sought emergency custody of L.C. in Mississippi. Days later, Ms. Foreman, a Louisiana resident, instituted a custody proceeding in Louisiana. The Louisiana court determined that Louisiana has exclusive and continuing jurisdiction over the dispute and awarded custody of L.C. to Ms. Foreman. The Mississippi court thereafter determined that Mississippi has jurisdiction over the dispute and awarded custody of L.C. to Mr. Cochran.

Following rendition of the conflicting Mississippi custody judgment, Mr. Cochran instituted this suit to annul the rulings in the Louisiana custody proceeding. He alleged the Louisiana court's determination that it had jurisdiction was the result of fraud and ill practices by Ms. Foreman and further alleged that he did not receive adequate notice of the Louisiana proceedings. After a trial where both parties testified and presented evidence, the trial court[1] denied the requested relief and dismissed Mr. Cochran's petition for nullity. In written reasons for judgment, the trial court explained that Mr. Cochran made no showing of fraud or ill practices by Ms. Foreman or that he was deprived of a legal right. The trial court further found no merit to Mr. Cochran's arguments about lack of notice. Mr. Cochran appealed.

In a prior opinion, this court reversed the trial court's judgment on the basis that Mr. Cochran was not provided requisite notice in the Louisiana custody

---

[1] Both the Louisiana custody proceeding and the suit seeking to nullify the rulings in the custody proceedings were filed in the 20th Judicial District Court and presided over by the same judge.

proceeding and therefore the rulings in that proceeding were absolutely null. The Louisiana Supreme Court granted a writ of certiorari and reversed this court's decision, finding that Mr. Cochran received adequate notice of the Louisiana proceedings. The supreme court then remanded the case to this court for consideration of any remaining issues in the appeal. See **Cochran v. Foreman,** 2019-0527 (La. App. 1st Cir. 10/8/20), 314 So.3d 854, writ granted, judgment reversed sub nom., **Cochran v. Forman,** 2020-01400 (La. 3/9/21), 312 So.3d 263 (*per curiam*).

## DISCUSSION

Alternative to his argument regarding notice that has now been resolved by the Louisiana Supreme Court,[2] Mr. Cochran contends the Louisiana custody rulings are absolutely null because the Louisiana court lacked subject matter jurisdiction.

A final judgment shall be annulled if it was rendered by a court that does not have subject matter jurisdiction. See La. Code Civ. P. art. 2002A(3). The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), adopted by both Louisiana and Mississippi, governs jurisdiction in interstate child custody disputes. See La. R.S. 13:1813; **Amin v. Bakhaty,** 2001-1967 (La. 10/16/01), 798 So.2d 75, 80-81 (applying the UCCJA, which preceded, but is substantially similar to the

---

[2] In this nullity suit, Mr. Cochran challenges all of the rulings in the Louisiana proceeding, which specifically include an August 10, 2017 judgment declaring that Louisiana has jurisdiction under the UCCJEA and awarding sole custody of L.C. to Ms. Foreman; a September 7, 2017 judgment that again declared Louisiana has jurisdiction under the UCCJEA, found Mr. Cochran to be in contempt of court, and specifically requested that the Mississippi court decline to exercise jurisdiction under the UCCJEA; and a February 15, 2018 order that again confirmed Louisiana to have exclusive jurisdiction under the UCCJEA, vacated a September 2017 order that allowed the parties time to present affidavits to establish jurisdiction in Mississippi, and designated the September 7, 2017 judgment as final. The Louisiana Supreme Court's decision specifically addressed whether Mr. Cochran received adequate notice of the hearings that led to the August 10, 2017 and September 7, 2017 judgments. See **Cochran,** 312 So.3d at 265-66. Since the Louisiana Supreme Court did not specifically address notice as to the February 15, 2018 order that Mr. Cochran also challenges, the issue of whether Mr. Cochran received adequate notice before that order was rendered arguably remains outstanding for consideration on remand. However, we find the February 15, 2018 order does not constitute a final judgment, as it does not decide the merits of the case in whole or in part and further lacks proper decretal language to be considered a valid final judgment. See La. Code Civ. P. arts. 1918 and 2083. Consequently, the order, standing alone, is not subject to a nullity action. See La. Code Civ. P. arts. 2001 and 2002. Thus, we do not address whether Mr. Cochran received proper notice prior to its rendition.

UCCJEA); see also Miss. Code Ann. § 93-27-101, *et seq.* A Louisiana court may have general subject matter jurisdiction over child custody matters, but be required to decline that jurisdiction based on jurisdictional limitations imposed by the UCCJEA. **Amin**, 798 So.2d at 80; **Nezat v. Guzman**, 2010-1833 (La. App. 1st Cir. 5/6/11), 2011 WL 2616830, *3 (unpublished).

With regard to jurisdiction to make an initial custody determination, La. R.S. 13:1813 of the UCCJEA pertinently provides:

A. Except as otherwise provided in [La.] R.S. 13:1816 [(relative to emergency jurisdiction)], a court of this state has jurisdiction to make an initial child custody determination only if:

    (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state. ...

    (2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under [La.] R.S. 13:1819 or 1820; and

        (a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

        (b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

\* \* \* \* \*

B. Subsection A of this Section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

C. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

Mr. Cochran argues the Louisiana court lacked jurisdiction to make an initial custody determination because, prior to institution of the Louisiana custody proceeding, the Mississippi court determined that it had jurisdiction and granted him

4

temporary custody. Mr. Cochran's argument is legally flawed as it fails to recognize the type of jurisdiction exercised by each state.

In addition to providing the jurisdictional requirements for a state to make an initial custody determination in an interstate custody dispute, the UCCJEA authorizes a state to exercise temporary emergency jurisdiction in certain circumstances. Louisiana Revised Statutes 13:1816 of the UCCJEA[3] provides:

> A. A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

> B. If there is no previous child custody determination that is entitled to be enforced under this Act and a child custody proceeding has not been commenced in a court of a state having jurisdiction under R.S. 13:1813 through 1815, **a child custody determination made under this Section remains in effect until an order is obtained from a court of a state having jurisdiction under [La.] R.S. 13:1813 through 1815.** If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under R.S. 13:1813 through 1815, a child custody determination made under this Section becomes a final determination, if it so provides and this state becomes the home state of the child. [(Emphasis added.)]

Mr. Cochran instituted the Mississippi proceeding by filing a complaint for emergency custody in which he alleged that he and Ms. Foreman were Mississippi residents. Mr. Cochran also filed a "Child Residence Affidavit," in which he attested that L.C.'s "present address" was in Louisiana, but that nine-month-old L.C. had resided at his address in Mississippi "[d]uring the past five years," also noting that Ms. Foreman had taken L.C. to Texas for a brief time and to Louisiana. The Mississippi court granted Mr. Cochran emergency custody of L.C. on an *ex parte* basis, stating that it had jurisdiction as "the Guardian of all children within [its] jurisdiction[.]" On July 28, 2017, after Ms. Foreman instituted the Louisiana proceeding and the Louisiana court entered an *ex parte* order granting her custody,

---

[3] Mississippi has codified the same provision as Miss. Code Ann. § 93-27-204.

5

the Mississippi court issued a "final order" awarding Mr. Cochran sole custody of L.C. and maintaining its previous orders.

Although the Mississippi proceeding was filed first and an emergency custody order was rendered, Mississippi did not make an initial custody determination under the UCCJEA before the Louisiana proceeding was filed. Rather, Mississippi initially exercised jurisdiction based solely on the allegations of Mr. Cochran's petition. As this is an interstate custody dispute governed by the UCCJEA, the initial Mississippi rulings must be considered as falling within the parameters of Mississippi's emergency jurisdiction. At that time, there were no prior custody determinations to be enforced and no custody proceeding had been filed in a state having jurisdiction under the UCCJEA to make an initial custody determination. Thus, the Mississippi custody orders remained in effect only until an initial custody determination was made by a court of a state having jurisdiction. See La. R.S. 13:1816B.

The trial court's written reasons for denying Mr. Cochran's petition for nullity thoroughly detailed the evidence supporting its finding that Louisiana is L.C.'s home state[4] and that it had jurisdiction in the Louisiana custody proceeding to make an initial custody determination under the UCCJEA. The trial court's home state determination is a factual finding subject to the manifest error standard of review. See **Sisk v. Sisk**, 39,768 (La. App. 2nd Cir. 5/11/05), 902 So.2d 1237, 1241, writ denied, 2005-1658 (La. 6/30/05), 905 So.2d 921; **Gusman v. Gusman**, 598 So.2d 1256, 1258 (La. App. 4th Cir. 1992). The manifest error standard demands great deference to a trier of fact's factual finding that is based on credibility

---

[4] The UCCJEA defines the term "home state" as the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period. La. R.S. 13:1802(7)(a).

6

determinations. **Rosell v. ESCO**, 549 So.2d 840, 844 (La. 1989). The trial court's written reasons explain that it specifically credited Ms. Foreman's testimony over that of Mr. Cochran. Thus, after thoroughly reviewing the testimony and evidence of record, and further considering the deference owed by a reviewing court to the trial court's credibility determinations herein, we find no error in the trial court's determination that Louisiana is the home state of L.C. As the home state, we agree that the Louisiana court had jurisdiction under the UCCJEA to make the initial custody determination.[5] Mr. Cochran's arguments to the contrary are without merit.

Mr. Cochran's nullity petition also asserted the rulings in the Louisiana custody proceeding should be annulled because they were obtained by fraud and ill practices. In his post-trial brief to the trial court, Mr. Cochran framed the issue as "[w]hether [Ms. Foreman] used fraud and ill practices to induce the Louisiana court to render a custody determination in her favor." Mr. Cochran argued that Ms. Foreman's false testimony and evidence misled the Louisiana court into finding it had jurisdiction.

A final judgment may be annulled if it was obtained by fraud or ill practices. See La. Code Civ. P. art. 2004. This includes all situations wherein a judgment is rendered through some improper practice or procedure; however, an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. See **Belle Passe Terminal, Inc. v. Jolin, Inc.**, 2001-0149 (La. 10/16/01), 800 So.2d 762, 766; **Melancon v. Commonwealth Land Title Ins. Co.**, 2020-0196 (La. App.

---

[5] Mr. Cochran additionally contends the Louisiana custody judgments should be annulled because the Louisiana court failed to comply with the UCCJEA's procedures regarding communication with the Mississippi court. However, this alleged procedural defect is not a vice of form or substance for which a final judgment may be annulled. See La. Code Civ. P. arts. 2001, 2002, and 2004. Notably, the UCCJEA provides only that the involved courts "may" communicate, indicating the communication is permissive rather than mandatory. See La. R.S. 1:3; **Burst v. Schmolke**, 2010-1036 (La. App. 4th Cir. 4/6/11), 62 So.3d 829, 832 (recognizing that communication pursuant to the UCCJEA is discretionary). Furthermore, any complaint in this regard should have been raised in the Louisiana custody proceeding through a new trial or appeal.

7

1st Cir. 12/30/20), 318 So.3d 171, 176. To establish a judgment is the product of fraud or ill practices, the party urging the nullity action must establish both that the circumstances under which the judgment was rendered deprived him of his legal rights, meaning that another party's conduct prevented him from appearing and asserting a defense or deprived him of a fair and impartial trial, and that enforcement of the judgment would be unconscionable or inequitable. See **Wright v. Louisiana Power & Light**, 2006-1181 (La. 3/9/07), 951 So.2d 1058, 1067-68; **Belle Pass Terminal, Inc.**, 800 So.2d at 766.

The trial court found that Mr. Cochran failed to show that Ms. Foreman's actions prevented him from appearing in the Louisiana custody proceeding and asserting a defense. The trial court determined that Mr. Cochran had notice of the Louisiana custody proceeding and could have raised any defense available, but chose not to participate. The Louisiana Supreme Court has determined that the trial court was correct in finding that Mr. Cochran received notice of the Louisiana custody proceeding. See **Cochran,** 312 So.3d at 266. Consequently, we find the trial court was also correct in concluding the record does not establish that the circumstances under which the Louisiana custody judgments were rendered deprived Mr. Cochran of his legal rights. Specifically, there is no evidence Mr. Cochran was prevented from appearing and asserting his claims that Ms. Forman gave false testimony as to L.C.'s home state. A defendant cannot seek to annul a judgment simply because he failed to present a valid defense that could have been pled before rendition of the judgment. **First Bank and Trust v. Sharp**, 2017-0284 (La. App. 1st Cir. 2/20/18), 243 So.3d 16, 20.

The trial court correctly rejected Mr. Cochran's request to nullify the custody rulings on grounds of fraud and ill practices.[6]

---

[6]     We note that in its extensive written reasons for judgment, the trial court rejected Mr. Cochran's claim of fraud and ill practices on the merits, finding Ms. Foreman to have been credible in her testimony and that Louisiana was properly determined to be the home state of the child.

## CONCLUSION

For the foregoing reasons, the January 22, 2019 judgment of the trial court that denied and dismissed Mr. Cochran's petition for nullity is affirmed. Costs of this appeal are assessed to the appellant, Forrest Keith Cochran.

**AFFIRMED.**

| | |
|---|---|
| FORREST KEITH COCHRAN | STATE OF LOUISIANA |
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| KATHERINE SAWYER FOREMAN | NO. 2019 CA 0527R |



**HOLDRIDGE, J., concurs.**

I respectfully agree in part and concur in part with the majority opinion. The appellant, Mr. Cochran, has filed a nullity suit challenging the rulings made by the Louisiana court in judgments dated August 10, 2017, September 7, 2017, and February 15, 2018. I agree with the majority opinion that the August 10, 2017 judgment is a final judgment. I further agree that the trial court had subject matter jurisdiction to render the August 10, 2017 judgment and that service on Mr. Cochran was proper pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act. See **Cochran v. Foreman**, 2019-0527 (La. App. 1st Cir. 10/8/20), 314 So.3d 854, writ granted, judgment reversed sub nom, **Cochran v. Forman**, 2020-01400 (La. 3/9/21), 312 So.3d 263 (*per curiam*).

I concur in part with the majority opinion in denying the nullity action on the September 7, 2017 and February 15, 2018 judgments. The September 7, 2017 judgment was an interlocutory judgment, which the trial court rendered dependent upon its later determination as to whether Louisiana or Mississippi was the home state of the minor child and whether it had jurisdiction to render the September 7, 2017 judgment. In the February 15, 2018 judgment, the trial court attempted to rule on the jurisdiction issue and to declare the September 7, 2017 judgment to be a final judgment. However, as noted by the majority, the February 15, 2018 judgment is not a final, appealable judgment because it does not contain the proper decretal language to identify the party in whose favor the judgment is rendered, the party against whom the judgment is rendered, nor can the substance of the judgment be

determined without reference to other documents (the September 11, 2017 order and the September 7, 2017 judgment). See La. C.C.P. art. 1918; **Bond v. Louisiana Purchase Equestrian Estates, LLC**, 2019-0957 (La. App. 1 Cir. 2/21/20), 299 So.3d 120, 124; **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046.

Since both the September 7, 2017 judgment and the February 15, 2018 judgment are not proper final judgments, a nullity action is not the proper procedural tool which may be used to challenge them. See La. C.C.P. art. 2001 "The nullity of a **final judgment** may be demanded for vices of either form or substance [.]" (Emphasis added.) Therefore, if this matter is not now moot, the trial court may prepare, sign, and file a proper final judgment in accordance with La. C.C.P. arts. 1918 and 1951. After the final judgment is filed, the mailing of the notice of the amended judgment would begin the running of the time periods for either party to file post-trial motions or an appeal. See La. C.C.P. arts. 1971, 1811, 2087, and 2123.